```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**JEFFREY ALLEN CARTER, #263913**

        Petitioner,

v.                                                        2:08CV16

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On October 27, 1998, in the Circuit Court for the City of Williamsburg and James City County, Virginia, petitioner was convicted of second degree murder and use of a firearm during the commission of a felony. Petitioner was sentenced to twenty-eight years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on August 13, 1999, the appeal was denied. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on November 17, 1999. Petitioner's writ of <u>certiorari</u> filed in the United States Supreme Court was denied on March 27, 2000.

On December 21, 1999, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on April 27, 2000, the petition was refused. On September 22, 2000, petitioner filed a

petition for writ of habeas corpus in this Court, which was denied on August 27, 2001. Petitioner's appeal in the Fourth Circuit Court of Appeals was refused on January 6, 2003.

On August 13, 2007, petitioner filed a second habeas petition in the Supreme Court of Virginia, which was dismissed on September 14, 2007, as untimely. A petition for rehearing was refused on November 8, 2007.

On January 10, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on February 6, 2008, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The stenographic reports and orders of the Circuit Court were altered;

2. Petitioner was denied a speedy trial;

3. Petitioner is "actually innocent"; and

4. There is newly discovered evidence regarding a psychological evaluation.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim

which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is

3

entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i) there is an absence of available State corrective process; or
>
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    . . . .
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See

4

Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. The Petition is Successive.

As stated above, petitioner filed a previous habeas petition in this Court (2:00Cv708), alleging that his constitutional rights had been violated regarding his October 27, 1998 convictions in the Williamsburg Circuit Court. The petition was dismissed on August 27, 2001. Petitioner appealed the dismissal of the petition to the Fourth Circuit Court of Appeals, which refused the appeal on January 6, 2003.

Petitioner is now barred from pursuing habeas relief in this Court because he failed to comply with the requirements of 28 U.S.C. § 2244, which authorizes successive petitions for a writ of habeas corpus but upon the condition that "before a second or successive application . . . is filed in the district Court, the applicant shall move in the appropriate Court of appeals for an order authorizing the district Court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There are several cases which affirm the mandatory nature of this filing requirement. Graham v. Costello, 299 F.3d 129 (2nd Cir. 2002); In Re: Michael A. Clemmons, 259 F.3d 489 (6th Cir. 2001); Daniels v. United States, 254 F.3d 1180 (10th Cir. 2001); In Re: Byron Jones, 226 F.3d 328, 330 (4th Circuit 2000); Felker v. Turpin, 518 U.S. 651, 664 (1996). All of the cases affirm the gatekeeping function of 28 U.S.C. § 2244, in

requiring a prisoner seeking to file a successive application for habeas relief to apply directly to the Court of Appeals. The Court of Appeals then applies the proper AEDPA substantive standard and within thirty days of the date of filing, either grants or denies the prisoner permission to proceed in the district court. See Daniels, 254 F.3d at 1186. The petition is successive and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

      2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                      /s/
                                    **James E. Bradberry**
                                    **United States Magistrate Judge**

**Norfolk, Virginia**

**March 5, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Jeffrey Allen Carter, #263913, <u>pro</u> <u>se</u>
    Augusta Correctional Center
    P.O. Box 1000
    Craigsville, VA  24430-1027

    Kathleen B. Martin, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                      Fernando Galindo, Clerk

                      By _____
                             Deputy Clerk

                  _____, 2008